Filed 11/19/20  Dr. Farzan Alamirad D.D.S., Inc. v. Sherbank Azizi etc. CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| DR. FARZAN ALAMIRAD D.D.S., INC.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SHERBANK AZIZI DENTAL CORPORATION,<br><br>    Defendant and Respondent. | B296752<br><br>(Los Angeles County Super. Ct. No. BS174763) |

        APPEAL from an order of the Superior Court of Los Angeles County, Patricia Nieto, Judge. Reversed and remanded.
        Law Offices of Geoffrey G. Melkonian, Geoffrey G. Melkonian for Plaintiff and Appellant.
        No appearance for Defendant and Respondent.

## INTRODUCTION

Farzan Alamirad filed his initial complaint against his former employer, Sherbank Azizi Dental Corporation d/b/a Green Dental & Orthodontics (Sherbank Azizi), erroneously sued as Green Dental & Orthodontics, Inc., in September 2015 (the "first action"). Sherbank Azizi answered the complaint and filed a cross-complaint for fraud and breach of contract. The parties later agreed to arbitrate their claims. Alamirad never commenced arbitration, however. On November 22, 2017, Alamirad voluntarily dismissed his claims without prejudice, and Sherbank Azizi dismissed its cross-complaint without prejudice.

On December 17, 2018, Alamirad re-filed his claims, this time styling the action as a petition to compel arbitration on behalf of his company, Dr. Farazan Alamirad D.D.S., Inc. The trial court denied the petition on the sole ground that Alamirad was barred from filing a petition alleging the same claims as the first action. The trial court reasoned that, despite Alamirad's contention that the first action was dismissed without prejudice, a party may not unilaterally dismiss the entire action without prejudice once a cross-complaint has been filed under Code of Civil Procedure section 581, subdivision (i).[1]

Unfortunately, however, the parties failed to provide the trial court with all of the relevant information. They neglected to direct the trial court to a November 22, 2017 minute order (the "Minute Order") in the first action stating the action was dismissed by *both* parties without prejudice: "Defendant dismisses cross-complaint without prejudice. . . . Plaintiff's claims are dismissed without prejudice." Azizi claims the Minute Order was misplaced and not in the court file at the time of the hearing on the petition. The Minute Order apparently has since been found, and appears in the record on appeal. We therefore reverse

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

the trial court's order denying the petition to compel arbitration, and remand the matter to the trial court to reconsider the petition on the merits in light of the Minute Order.

## DISCUSSION[2]

As discussed above, Alamirad filed a petition to compel arbitration on behalf of his company, alleging the same claims he brought (in his individual capacity) in the first action. In opposition, Sherbank Azizi's counsel filed a declaration stating "Petitioner has filed a Petition to Compel Arbitration of a matter that has already been dismissed by the Court based on Petitioner's previous failure to proceed with arbitration." Alamirad filed a reply, arguing "the [first action] was voluntarily dismissed by [Alamirad] . . . the matter was voluntarily dismissed without prejudice."

Based on the parties' representations, the trial court denied the petition "pursuant to section 581, subdivision (i)."[3] That provision precludes a plaintiff from unilaterally dismissing an entire action without prejudice once a cross-complaint has been filed, as was the case here. (§ 581, subd. (i).) Neither party, however, directed the court's attention to the Minute Order entered in the first action, which states the action was dismissed

2      Where, as here, there is no respondent's brief, we "decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).)

3      The January 30, 2019 minute order of the hearing on the petition to compel arbitration states the court's finding that "there is no dispute that the arbitration agreement is enforceable between these parties." The court went on to analyze whether Alamirad waived his right to arbitrate his claims, concluding the "Court is hesitant to find waiver is appropriate in this case. However, the Court will hear argument from counsel at the hearing and issue a final ruling." After argument, the court denied the petition solely "pursuant to CCP 581(i)."

3

by *both* parties without prejudice. (See § 581, subd. (c) [a plaintiff or a cross-complainant may dismiss his or her complaint or cross-complaint without prejudice prior to the commencement of trial].) Because the Minute Order indicates both parties voluntarily dismissed their claims, section 581, subdivision (i) does not apply.

## DISPOSITION

The order denying appellant's petition to compel arbitration is reversed and the case is remanded to the trial court to reconsider the petition on the merits. Appellant is awarded its costs on appeal.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.

4